UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
SARAH MARGARET OWEN and JOHN NORTON )
OWEN, as the Executors of the       )
ESTATE OF SARA LOUISE OWEN, and     )
in their individual capacity as     )
the beneficiaries of SARA LOUISE    )
OWEN, a deceased person,            )
                                    )
        Plaintiffs,                 )
                                    )
        v.                          )  C.A. No. 1:15-CV-413 S
                                    )
AMERICAN SHIPYARD CO., LLC d/b/a    )
NEWPORT SHIPYARD, LLC, ASC REALTY   )
CO., LLC, CHARLES A. DANA, III      )
a/k/a CHARLES DANA, U.S. SECURITY   )
ASSOCIATES, INC. d/b/a D. B. KELLY  )
ASSOCIATES, U.S. SECURITY ASSOCIATES)
STAFFING, INC., JOSHUA CARLSON,     )
                                    )
        Defendants.                 )
                                    )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court are Plaintiffs' three motions to strike Defendants' affirmative defenses (collectively "Motions"). (ECF Nos. 17, 19, 27.) Since each motion makes similar arguments, the Court considers them together. For the reasons that follow, the Court DENIES the Motions.

I. Background

The tragic facts that gave rise to this action occurred on October 4, 2012. That evening, Sara Owen and two others, Jennifer

Way and Femmetje Staring, were returning from an evening out in Newport, Rhode Island.  Way was a Senior Yacht Manager at Marine Construction Management.  Owen and Staring were crewmembers on two of the yachts managed by Way.  While driving into Newport Shipyard to drop off Owen and Staring, Way drove off of a pier into Narragansett Bay.  The vehicle landed upside down, and the three women drowned while trapped inside.  Defendants claim that alcohol played a large part in the accident.

On September 30, 2015, Owen's estate filed this action, alleging, in a twenty six count complaint, that Newport Shipyard and its affiliated entities are liable for the wrongful death of Sara Owen based on theories of premises liability and negligence. (See Compl., ECF No. 1.)  In the alternative, Owen's estate alleges that U.S. Security Associates, through its employee Joshua Carlson, is liable for her wrongful death based on a negligence theory.  (Id.)  Defendants timely filed separate answers in which they asserted a number of affirmative defenses to the Complaint. (ECF Nos. 6, 7, 14.)

Plaintiffs now move to strike all of Defendants' affirmative defenses for two reasons.  First, Plaintiffs argue they do not conform to the pleading standards established in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), and, thus, should be stricken.  Second, Plaintiffs seek to strike Defendants' affirmative defenses that invoke

maritime law, claiming that maritime law is inapplicable. As detailed below, the Court denies Plaintiffs' Motions as to both grounds.

II. Discussion

    A. Application of the Plausibility Pleading Standard to Affirmative Defenses

No United States Court of Appeals has weighed in on whether the Twombly and Iqbal plausibility standard applies to affirmative defenses, and the district courts that have considered it do not agree on an answer. See Stephen Mayer, Note, An Implausible Standard for Affirmative Defenses, 112 Mich. L. Rev. 275, 276 (2013) ("More than one hundred federal cases have contemplated whether the plausibility standard outlined in [Twombly and Iqbal] applies to affirmative defenses, yet the districts remain divided, and no court of appeals has yet addressed the issue."); see also Justin Rand, Tightening Twiqbal: Why Plausibility Must Be Confined to the Complaint, 9 Fed. Cts. L. Rev. 79 (2016). District Courts in the First Circuit are no exception. Compare Kaufmann v. Prudential Ins. Co. of Am., Civil Action No. 09-10239-RGS, 2009 WL 2449872, at *1 (D. Mass. Aug. 6, 2009) (assuming that plausibility standard applied to affirmative defenses) with Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc., 287 F.R.D. 119, 122-23 (D. Mass. 2012) (holding that the plausibility pleading standard did not apply to affirmative defenses) and Traincroft,

3

Inc. v. Ins. Co. of Pennsylvania, Civil No. 14-10551-FDS, 2014 WL 2865907, at *3 (D. Mass. June 23, 2014) (same). Yet even in reaching different conclusions, courts that have considered the issue focus on two things.

First, courts compare the language of Fed. R. Civ. P. 8(a)(2) — the rule Twombly and Iqbal considered – and Fed. R. Civ. P. 8(b) and 8(c), which address the pleading of defenses. Courts extending Twombly and Iqbal to affirmative defenses generally note that since Rule 8(a) and 8(b) both require a "short and plain" description of the claim, complaints and affirmative defenses should be subject to the same standards. See, e.g., Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D. Kan. 2009); Castillo v. Roche Labs. Inc., No. 10-20876-CIV, 2010 WL 3027726, at *3 (S.D. Fla. Aug. 2, 2010); Palmer v. Oakland Farms, Inc., Civil Action No. 5:10cv00029, 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010); see also Kaufmann, 2009 WL 2449872, at *1 ("[a]ssuming, without deciding, that sauce for the goose is sauce for the gander"). On the other hand, courts refusing to extend Twombly and Iqbal to affirmative defenses rely on a key difference in the language of the two rules. They note that Rule 8(a) requires plaintiffs to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Conversely, Rules 8(b) and (c) only require defendants to "state" their defenses. See Hansen, 287 F.R.D. at 122-23; Falley v. Friends

4

Univ., 787 F. Supp. 2d 1255, 1257-58 (D. Kan. 2011); Lane v. Page, 272 F.R.D. 581, 588–97 (D.N.M. 2011); Traincroft, 2014 WL 2865907, at *3; McLemore v. Regions Bank, Nos. 3:08-cv-0021, 3:08-cv-1003, 2010 WL 1010092, at *12 (M.D. Tenn. Mar. 18, 2010); First Nat'l Ins. Co. of Am. v. Camps Serv., Ltd., No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009). According to these courts, the different language creates a separate standard for complaints and affirmative defenses, with the "showing" language in Rule 8(a) requiring plaintiffs to plead facts that Defendants need not plead for affirmative defenses.

The second factor courts often consider is the policy behind Twombly and Iqbal's heightened pleading standard. See Lane, 272 F.R.D. at 595-96; Castillo, 2010 WL 3027726 at *3. A key rationale for the new standard is concern over the high cost of discovery associated with boilerplate claims. See Twombly, 550 U.S. at 558-59 (discussing the potential for high discovery costs to force undeserved settlements). Courts that apply Twombly and Iqbal to affirmative defenses reason that boilerplate affirmative defenses have the same detrimental effect on the time and cost of litigation and, thus, should be subject to the same standard. See Palmer, 2010 WL 2605179, at *4 ("'[b]oilerplate defenses clutter docket;' they 'create unnecessary work,' and 'in an abundance of caution' require significant unnecessary discovery." (quoting Safeco Ins. Co. of Am. v. O'Hara Corp., 2008 U.S. Dist. LEXIS 48399, *2–3 (E.D.

Mich. 2008)). Courts that reject the heightened pleading standard disagree. As an initial matter, they hold that, unlike boilerplate claims in a complaint, affirmative defenses generally add little marginal costs to litigation. Hansen, 287 F.R.D. at 123; See also Leon v. Jacobson Transp. Co., No. 10 C 4939, 2010 WL 4810600, at *1 (N.D. Ill. Nov. 19, 2010) ("The [Supreme] Court . . . has never once lost sleep worrying about defendants filing nuisance affirmative defenses."). And, more importantly, these courts note that any additional cost added by boilerplate affirmative defenses is far outweighed by fairness concerns regarding the timing in which defendants must respond to a complaint. See Hansen 287 F.R.D. at 122-23; Lane, 272 F.R.D. at 595-96. As these courts reason, while plaintiffs have the statute of limitations period to gather facts for their complaint, defendants have only 21 days to research, draft and file their answer. This relatively short turnaround time puts defendants at a disadvantage with regard to their ability to gather sufficient facts to support potential defenses under Iqbal and Twombly. Id.

    This Court agrees with those cases declining to apply Twombly and Iqbal to affirmative defenses. First, holding complaints and affirmative defenses to different standards comports with the language differences in the applicable rules. As detailed above, Rule 8(a) requires a statement "showing" that the plaintiff is entitled to relief; Rule 8(b) merely requires that a defendant

6

"state" its defenses.  Applying different pleading standards recognizes the differences between these words; "showing" requires some factual underpinnings to plead a plausible claim, while "stating" contemplates that defendants can plead their defenses in a more cursory fashion.

Policy considerations further support construing Rule 8(a) and 8(b) differently.  It is inappropriate to hold plaintiffs and defendants to the same pleading standard when a plaintiff has the entirety of the statute of limitations period to gather facts for its complaint and the defendant has only twenty-one days to ascertain its defenses, some of which are in danger of being waived if not asserted in the answer.

Accordingly, considering the language of Fed. R. Civ. P. 8 and the policy considerations outlined above, the Court declines to extend the Twombly and Iqbal pleading standards to affirmative defenses.  The Court, thus, denies the Plaintiffs' Motions as to this basis.


B.   Application of Maritime Law to this Action

As for Plaintiffs' arguments relating to Defendants' maritime law-related affirmative defenses, it is premature to determine whether maritime law applies to this action as a matter of law. Consequently, the Court will defer deciding the issue for another day.

7

III. Conclusion

For the foregoing reasons, Plaintiffs' Motions to Strike Defendants' Affirmative Defenses (ECF Nos. 17, 19, and 27) are DENIED.


IT IS SO ORDERED.

/s/ Wesmith
_____
William E. Smith
Chief Judge
Date:  April 14, 2016