UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
SARAH MARGARET OWEN and JOHN NORTON )
OWEN, as the Executors of the       )
ESTATE OF SARA LOUISE OWEN; and     )
in their individual capacity as     )
the beneficiaries of SARA LOUISE    )
OWEN, a deceased person,            )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )  C.A. No. 15-413 S
                                    )
AMERICAN SHIPYARD CO., LLC d/b/a    )
NEWPORT SHIPYARD, LLC, ASC REALTY   )
CO., LLC; CHARLES A. DANA, III      )
a/k/a CHARLES DANA, U.S. SECURITY   )
ASSOCIATES, INC. d/b/a D. B. KELLY  )
ASSOCIATES; U.S. SECURITY ASSOCIATES)
STAFFING, INC.; and JOSHUA CARLSON, )
                                    )
            Defendants.             )
                                    )
_____ )

**ORDER**

WILLIAM E. SMITH, Chief Judge.

This case involves the tragic death of three women in 2012 when the car in which they were riding drove off a pier in Newport, Rhode Island. Defendants allege that the driver, Jennifer Way, was legally intoxicated at the time of the crash. Defendants now seek leave to implead Way's Estate so that Defendants can assert contribution, indemnity, negligence, negligence per se, and strict liability claims against it. (See Defs.' Mot. for Leave to File a Third Party Compl., ECF No. 29.)

A defendant, acting as a third-party plaintiff, may implead any non-party "who is or may be liable to [the third-party plaintiff] for all or part of the [plaintiff's] claim against [the third-party plaintiff]." Fed. R. Civ. P. 14(a)(1) (emphasis added). Defendants have fourteen days after submitting their answer to bring a third party into the suit without leave of court. Id. Otherwise, the Defendant must obtain the court's permission. Id. "In that event, the determination is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 393 (1st Cir. 1999) (internal citations omitted).

Notwithstanding this "liberal standard," id., the Estate argues that the Court should deny Defendants' Motion because (1) Defendants unreasonably delayed in initiating the complaint; (2) the Court lacks subject matter jurisdiction over the Estate; (3) Defendants are improperly trying to reverse engineer a form of "Mary Carter Agreement"; and (4) Defendants do not have a colorable claim against the Estate.

The Court can quickly dispense with the first three arguments. Despite the Estate's argument to the contrary, Defendants did not unreasonably delay in bringing their claims against the Estate. There was considerable delay in opening the

2

Estate, which resulted in the timing of Defendants' Motion. The Court finds unconvincing the Estate's argument that the delay in opening the Estate or in bringing this motion was caused by the Defendants or was unreasonable.  Second, with regard to the Estate's jurisdiction argument, even if, as Plaintiff argues, admiralty jurisdiction fails, the Court would still have supplemental jurisdiction over Defendants' third-party complaint.  See Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC, 730 F.3d 67, 72-73 (1st Cir. 2013); Spark Energy Gas, LP v. Toxikon Corp., 864 F. Supp. 2d 210, 218-19 (D. Mass. 2012) ("[N]o independent jurisdictional basis is required for a defendant to implead a third party defendant." (internal citations omitted)).  And finally, the Estate's "Mary Carter" argument is without merit.  The Estate argues, rather unclearly, that the Owens' settlement with Way's insurer amounts to a "reverse Mary Carter Agreement."  (See Owen's Opp'n 3, 14-15, ECF No. 33.)  The First Circuit summarized such agreements in England v. Reinauer Transp. Co., L.P., 194 F.3d 265, 274 (1st Cir. 1999).  Like in England, the settlement agreement on which the Estate bases its argument is not secret, nor has the Estate presented any evidence that the settlement amount is contingent in any way on the outcome of this case.  See id. at 274-75. Based on this, the Court fails to see how the Owens' settlement with the insurer amounts to a "Mary Carter" agreement.

3

It is, however, a much closer call whether Defendants assert a colorable claim against the Estate. The issue turns on whether this Court has admiralty jurisdiction over the case. As Plaintiff argues, without admiralty jurisdiction, Defendants' claims fall squarely within the Rhode Island Supreme Court's holding in Cooney v. Molis, 640 A.2d 527 (R.I. 1994), that a

> settling joint tortfeasor, with no liability to any parties to a suit, cannot be forced to defend a lawsuit that was the basis for the joint-tortfeasor release. The remaining joint tortfeasor is free to assert the settling joint tortfeasors' liability in their absence. This holding, in our opinion, encourages settlement but does not prejudice the rights of the nonsettling defendants.

Id. at 530.

On the other hand, if admiralty law applies, Defendants' claims turn on how a fact finder apportions fault and, thus, would be inappropriate to decide at this juncture. (See Defs.' Reply 2-3, ECF No. 35.) As this Court held in its order on Plaintiff's Motion to Strike, it is premature to determine whether admiralty law applies to this action at this time. (See ECF No. 36.) This is because the Court would benefit from a more robust record as to the nature of the parties' involvement with their various vessels and the effect the accident had on maritime activities. Consequently, the Court GRANTS Defendants' Motion with the express proviso that Plaintiffs and/or the

Estate may reassert their defenses to Defendants' Third-Party Complaint at summary judgment.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: November 29, 2016